CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
May 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 1:18CR00025-019 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **GARY LEE McFARLANE,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Gary Lee McFarlane, Pro Se.*

The defendant, previously sentenced by this court, has filed a pro se motion for compassionate release. For the reasons that follow, his motion will be denied.

I.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has adopted such policy statements. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n 2024). But even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is

warranted. *United States v. Bryant*, No. 3:04-CR-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024).

## II.

McFarlane was sentenced by this court in July 2019 for conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and distribution of methamphetamine, in violation of 21 U.S.C. § 846 and 841(b)(1)(C). He was sentenced to 135 months' imprisonment on each count, to run concurrently with the unserved portion of a sentence imposed by the Bristol, Virginia, Circuit Court in February 2018. J. 2, ECF No. 586. McFarlane's present motion for compassionate release is brief, but this court will construe it broadly. He bases his motion on his good behavior while incarcerated; his father's illness; his need to assist his parents with caring for his children, who have been in his parents' care during his incarceration; and the lack of availability of a halfway house in this district causing him to remain incarcerated for fourteen months longer than he believes his allowable credits require.

## III.

USSG § 1B1.13 provides that a sentence reduction may be permitted by "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A). However, McFarlane has not made the requisite showing to be eligible under § 1B1.13.

His first argument concerns his good behavior while incarcerated. McFarlane describes a significant list of programming he has taken, in addition to his success at his job at his facility. However, USSG § 1B1.13(b) does not enumerate as an extraordinary and compelling reason a defendant's rehabilitation while incarcerated. Instead, a defendant's rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." USSG § 1B1.13(d). Even considering his rehabilitation with the other reasons he cites, I do not find that release is appropriate.

McFarlane submits evidence showing his father's treatment for various health problems, including leukemia. The incapacitation of his father when McFarlane would be the only available caregiver for him would be an extraordinary and compelling reason. USSG § 1B1.13(b)(3)(C). But McFarlane has not demonstrated that his mother is unable to serve as his father's caregiver or that McFarlane himself is his father's only available caregiver. As a result, it does not constitute an extraordinary and compelling reason justifying relief.

McFarlane also argues that he needs to assist his parents with caring for his children. The incapacitation of a minor child's caregiver is also an extraordinary and compelling reason. USSG § 1B1.13(b)(3)(A). He states that his children have been cared for by his parents while he has been incarcerated. However, he has not

established that neither of his parents are able to continue as his children's caregivers. Therefore, this does not constitute an extraordinary and compelling reason.

Lastly, McFarlane argues that his collection of First Step Act credits permitted him to be released on November 28, 2024, but he was not because of a lack of availability of a halfway house. His scheduled release date is now January 27, 2026. But release program housing availability is not an enumerated extraordinary and compelling reason.

Even if McFarlane had shown extraordinary and compelling reasons, a consideration of the § 3553(a) factors would convince me not to grant relief. McFarlane's work towards rehabilitation, including his success at his job and the courses he has taken, is commendable. But the need to reflect the seriousness of the offense and to deter further criminal conduct weigh against granting relief. 18 U.S.C. § 3553(a)(2).

IV.

Accordingly, it is **ORDERED** that the defendant's motion, ECF No. 1642, is DENIED.

ENTER: May 5, 2025

/s/ JAMES P. JONES
Senior United States District Judge